■ GLENDORA, Appellant, v CONRAD DUBERSTEIN et al., Defendants, and RICHARD O'CONNELL et al., Respondents. [625 NYS2d 648] —In an action to recover damages, inter alia, for mismanagement by Richard O'Connell, a trustee in bankruptcy, in connection with his collection of assets of the bankruptcy debtor, and misconduct on the part of the principal of the debtor, Scott Lord, and of the transferees of the debtor, Jan Stahl and Jeffrey Barnes, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered October 21, 1993, which, among other things, (1) granted the motion of the defendant, Richard O'Connell, to dismiss the complaint insofar as it is asserted against him for lack of subject matter jurisdiction, and (2) granted the separate motion of the defendants Scott Lord, Jan Stahl, and Jeffrey Barnes to dismiss the complaint insofar as it is asserted against them for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the complaint

against the defendant Richard O'Connell, the trustee in bankruptcy, due to lack of subject matter jurisdiction. The complaint alleged mismanagement in collecting and preserving assets of the debtor's estate. The well-settled general rule is that a trustee in bankruptcy is an officer of the appointing court, and courts other than the appointing court have no jurisdiction to entertain suits against the trustee, without leave of the appointing court (in this case the United States Bankruptcy Court), for acts done by the trustee in his official capacity and within his authority as an officer of the court (see, Barton v Barbour, 104 US 126; In re Baptist Med. Ctr. v Singh, 80 Bankr 637; Matter of Campbell v Fitzgerald, 13 Bankr 974). The instant case does not fall within the limited exception set forth in 28 USC § 959 (a), as the conduct complained of does not constitute "carrying on business" within the meaning of that section (see, Matter of Campbell v Fitzgerald, 13 Bankr 974, supra).

The Supreme Court properly dismissed the complaint against the defendants Scott Lord, Jan Stahl, and Jeffrey Barnes due to lack of personal jurisdiction. The plaintiff failed to establish that these defendants were properly served.

The appellant's remaining contentions are without merit. Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.