■ SRF BUILDERS CAPITAL CORP., Respondent, v ANTHONY M. VENTURA, Appellant, et al., Defendants. [644 NYS2d 813] —In an action to foreclose a mortgage, the defendant Anthony M. Ventura appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 30, 1994, which denied his motion to vacate and set aside a foreclosure sale. By decision and order dated February 26, 1996 (*see, SRF Bldrs. Capital Corp. v Ventura*, 224 AD2d 678), this Court affirmed the order and counsel for the respective parties were directed to submit affirmations to this Court on the issue of the imposition of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1 (c), against the appellant or his attorney for their conduct in connection with this action and with the appeal.

Upon the affirmations submitted to this Court on the issue of sanctions and costs, it is

Ordered that, within 20 days after service upon him of a copy of this decision and order with notice of entry, the appellant Anthony M. Ventura is directed to personally pay sanctions in the sum of $2,500 to the Clerk of this Court for transmittal to the Commissioner of Taxation and Finance, for his frivolous conduct in connection with this action; and it is further,

Ordered that, within 20 days after the service upon him of a copy of this decision and order with notice of entry, the attorney for the appellant is also directed to personally pay sanctions in the sum of $2,500 to the Lawyers' Fund for Client Protection of the State of New York, for his frivolous conduct in connection with this action; and it is further,

Ordered that the Clerk of the Supreme Court, Richmond County, shall enter judgment accordingly (22 NYCRR 130-1.2).

This mortgage foreclosure action was commenced against the appellant and his wife, among others, in July of 1991, at which time a notice of pendency was filed against the subject property. A judgment of foreclosure and sale was entered the following year, under which the appellant and his wife were "forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption" in the subject property. Between the time that the action was commenced and September 30, 1994, when the order denying the appellant's motion to vacate and set aside the foreclosure sale was issued, the appellant and/or his wife filed for bankruptcy on three separate occasions, requiring the respondent to make three successful applications for relief from the automatic bankruptcy stays and culminating in an order prohibiting further bankruptcy petitions by the appellant and his wife for a period of 180 days. Undaunted, and despite the continuing notice of pendency and judgment of foreclosure against the subject property, the appellant and his wife attempted to convey that property to Vanstruct, Inc. (hereinafter Vanstruct), a corporation of which the appellant is the president and apparently its sole shareholder. The appellant's counsel assisted in the preparation of the deed. When the purported conveyance was complete Vanstruct filed for bankruptcy, and the appellant moved to set aside the foreclosure sale which occurred subsequent to this latest filing. The respondent was then compelled to defend that motion and the patently meritless appeal that ensued when the motion was denied.

We find that the conduct of the appellant and his attorney was undertaken primarily to delay or prolong the resolution of this mortgage foreclosure action, and was therefore frivolous and sanctionable (*see,* 22 NYCRR 130-1.1 [c] [2]). Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.