*Metropolitan Suburban Bus Auth.,* 203 AD2d 349; *Forbes v Plume,* 202 AD2d 821; *Gouchie v Gill,* 198 AD2d 862; *Palmer v Palmer,* 31 AD2d 876, *affd* 27 NY2d 945). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.

■ CITY OF NEW YORK, Respondent, v MIKE PHILIPS et al., Appellants. [649 NYS2d 802] —In an action, *inter alia,* to enjoin a public nuisance, the defendants appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated November 10, 1994, which denied their motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the defendants' motion, since the plaintiff demonstrated a justifiable excuse for the delay in responding to the defendant's 90-day demand and a meritorious cause of action (*see,* CPLR 3216 [e]; 2005; *Jeune v O.T. Trans Mix Corp.,* 202 AD2d 640). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.

■ ZALMAN DEITSCH et al., Respondents, v DAVID FISCHER et al., Defendants, and HELLER, HOROWITZ & FEIT, P. C., Appellant. [649 NYS2d 804] —In an action, *inter alia,* for a judgment declaring the rights of the parties in certain properties, the nonparty-appellant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated March 22, 1995, as imposed sanctions against it.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that counsel for the respective parties are directed to prepare affirmations on the issue of why an order should not be made and entered imposing such sanctions or costs, if any, on the nonparty-appellant pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, and to serve one copy of the same on each of the other parties to the appeal and file the original and four additional copies in the office of the clerk of this Court on or before December 4, 1996.

Review of the record and of all of the prior proceedings herein and in the related actions supports the Supreme Court's determination that the conduct of the nonparty-appellant law firm Heller, Horowitz & Feit, P. C., was undertaken "primarily to delay or prolong the resolution of the litigation, or to harass * * * another", and therefore was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2) and subject to the imposition of sanctions (*see, e.g., SRF Bldrs. Capital Corp. v Ventura,* 229 AD2d 431).

Prosecution of this appeal may subject the nonparty-appellant law firm to further sanctions for frivolous conduct under 22 NYCRR 130-1.1 (c). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.

■ ZALMAN DEITSCH et al., Respondents, v DAVID FISCHER et al., Defendants, and HELLER, HOROWITZ & FEIT, P. C., Appellant. [649 NYS2d 803] —In an action, *inter alia,* for a judgment declaring the rights of the parties in certain properties, the nonparty-appellant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated March 22, 1995, as imposed sanctions against it.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that counsel for the respective parties are directed to prepare affirmations on the issue of why an order should not be made and entered imposing such sanctions or costs, if any, on the nonparty-appellant pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, and to serve one copy of the same on each of the other parties to the appeal and file the original and four additional copies in the office of the clerk of this Court on or before December 4, 1996.

Review of the record and of all of the prior proceedings herein and in the related actions supports the Supreme Court's determination that the conduct of the nonparty-appellant law firm Heller, Horowitz & Feit, P. C., was undertaken "primarily to delay or prolong the resolution of the litigation, or to harass * * * another", and therefore was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2) and subject to the imposition of sanctions (*see, e.g., SRF Bldrs. Capital Corp. v Ventura,* 229 AD2d 431).

Prosecution of this appeal may subject the nonparty-appellant law firm to further sanctions for frivolous conduct under 22 NYCRR 130-1.1 (c). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.

■ ZALMAN DEITSCH et al., Respondents, v DAVID FISCHER et al., Defendants, and HELLER, HOROWITZ & FEIT, P. C., Appellant. [649 NYS2d 802] —In an action, *inter alia,* for a judgment declaring the rights of the parties in certain properties, the nonparty-appellant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated March 22, 1995, as imposed sanctions against it.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,