The plaintiff was not entitled to partial summary judgment on the issue of liability under Labor Law § 240, because there exists a question of fact as to whether he was a "volunteer" at the time of his accident, and therefore was not entitled to the protections of the statute (*see, Gibson v Worthington Div.,* 78 NY2d 1108; *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970; *Chabot v Baer,* 82 AD2d 928, *affd* 55 NY2d 844). The defendant third-party plaintiff Milea Truck Sales Corp. was not entitled to summary judgment on the issue of indemnification from the third-party defendant Enertech Associates, Inc., because questions of fact exist as to whether Enertech was in any way responsible for the accident (*see, Kelly v Diesel Constr. Div.,* 35 NY2d 1; *Dawson v Pavarini Constr. Co.,* 228 AD2d 466; *Edholm v Smithtown DiCanio Org.,* 217 AD2d 569).

Furthermore, there is no merit to Enertech's argument that Clark Equipment Company was required to help Enertech defray the costs of its own discovery (*see, Rubin v Alamo Rent-A-Car,* 190 AD2d 661; *Rosado v Mercedes-Benz of N. Am.,* 103 AD2d 395).

The parties' remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.

■ GERSHON SCHUSTERMAN et al., Respondents, v DAVID FISCHER et al., Defendants, and HELLER, HOROWITZ & FEIT, P. C., Appellant. [649 NYS2d 821] —In an action, *inter alia,* for a judgment declaring the rights of the parties in certain properties, the nonparty-appellant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated March 22, 1995, as imposed sanctions against it.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that counsel for the respective parties are directed to prepare affirmations on the issue of why an order should not be made and entered imposing such sanctions or costs, if any, on the nonparty-appellant pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, and to serve one copy of the same on each of the other parties to the appeal and file the original and four additional copies in the office of the clerk of this Court on or before December 4, 1996.

Review of the record and of all of the prior proceedings herein and in the related actions supports the Supreme Court's determination that the conduct of the nonparty-appellant law firm Heller, Horowitz & Feit, P. C., was undertaken "primarily

to delay or prolong the resolution of the litigation, or to harass * * * another", and therefore was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2) and subject to the imposition of sanctions (*see, e.g., SRF Bldrs. Capital Corp. v Ventura,* 229 AD2d 431).

Prosecution of this appeal may subject the nonparty-appellant law firm to further sanctions for frivolous conduct under 22 NYCRR 130-1.1 (c). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.

■ GERSHON SCHUSTERMAN et al., Respondents, v DAVID FISCHER et al., Defendants, and HELLER, HOROWITZ & FEIT, P. C., Appellant. [649 NYS2d 822] —In an action, *inter alia,* for a judgment declaring the rights of the parties in certain properties, the nonparty-appellant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated March 22, 1995, as imposed sanctions against it.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that counsel for the respective parties are directed to prepare affirmations on the issue of why an order should not be made and entered imposing such sanctions or costs, if any, on the nonparty-appellant pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, and to serve one copy of the same on each of the other parties to the appeal and file the original and four additional copies in the office of the clerk of this Court on or before December 4, 1996.

Review of the record and of all of the prior proceedings herein and in the related actions supports the Supreme Court's determination that the conduct of the nonparty-appellant law firm Heller, Horowitz & Feit, P. C., was undertaken "primarily to delay or prolong the resolution of the litigation, or to harass * * * another", and therefore was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2) and subject to the imposition of sanctions (*see, e.g., SRF Bldrs. Capital Corp. v Ventura,* 229 AD2d 431).

Prosecution of this appeal may subject the nonparty-appellant law firm to further sanctions for frivolous conduct under 22 NYCRR 130-1.1 (c). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.

■ HELEN A. TORNESE, Respondent, v JOHN TORNESE, Appellant. [649 NYS2d 177] —In an action, *inter alia,* for a declaration that the parties' common-law marriage is valid under the laws of Pennsylvania, and therefore entitled to recognition by the