Prosecution of this appeal may subject the nonparty-appellant law firm to further sanctions for frivolous conduct under 22 NYCRR 130-1.1 (c). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.

■ ZALMAN DEITSCH et al., Respondents, v DAVID FISCHER et al., Defendants, and HELLER, HOROWITZ & FEIT, P. C., Appellant. [649 NYS2d 803] —In an action, *inter alia,* for a judgment declaring the rights of the parties in certain properties, the nonparty-appellant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated March 22, 1995, as imposed sanctions against it.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that counsel for the respective parties are directed to prepare affirmations on the issue of why an order should not be made and entered imposing such sanctions or costs, if any, on the nonparty-appellant pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, and to serve one copy of the same on each of the other parties to the appeal and file the original and four additional copies in the office of the clerk of this Court on or before December 4, 1996.

Review of the record and of all of the prior proceedings herein and in the related actions supports the Supreme Court's determination that the conduct of the nonparty-appellant law firm Heller, Horowitz & Feit, P. C., was undertaken "primarily to delay or prolong the resolution of the litigation, or to harass * * * another", and therefore was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2) and subject to the imposition of sanctions (*see, e.g., SRF Bldrs. Capital Corp. v Ventura,* 229 AD2d 431).

Prosecution of this appeal may subject the nonparty-appellant law firm to further sanctions for frivolous conduct under 22 NYCRR 130-1.1 (c). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.

■ ZALMAN DEITSCH et al., Respondents, v DAVID FISCHER et al., Defendants, and HELLER, HOROWITZ & FEIT, P. C., Appellant. [649 NYS2d 802] —In an action, *inter alia,* for a judgment declaring the rights of the parties in certain properties, the nonparty-appellant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated March 22, 1995, as imposed sanctions against it.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that counsel for the respective parties are directed to prepare affirmations on the issue of why an order should not be made and entered imposing such sanctions or costs, if any, on the nonparty-appellant pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, and to serve one copy of the same on each of the other parties to the appeal and file the original and four additional copies in the office of the clerk of this Court on or before December 4, 1996.

Review of the record and of all of the prior proceedings herein and in the related actions supports the Supreme Court's determination that the conduct of the nonparty-appellant law firm Heller, Horowitz & Feit, P. C., was undertaken "primarily to delay or prolong the resolution of the litigation, or to harass * * * another", and therefore was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2) and subject to the imposition of sanctions (*see, e.g., SRF Bldrs. Capital Corp. v Ventura,* 229 AD2d 431).

Prosecution of this appeal may subject the nonparty-appellant law firm to further sanctions for frivolous conduct under 22 NYCRR 130-1.1 (c). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.

■ GREEN POINT SAVINGS BANK, Respondent, v VIOLET MILLER et al., Defendants, and IRVING ROSENTHAL et al., Appellants. [649 NYS2d 467] —In an action to foreclose a mortgage, the defendant Irving Rosenthal appeals (1) as limited by the appellants' brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated February 22, 1994, as confirmed a Referee's report which recommended that he be held in contempt, and fixed the Referee's compensation at $9,750, payable equally by the plaintiff and him, (2) as limited by the appellants' brief, from so much of an order of the same court, dated April 19, 1994, as adjudicated him in contempt of court and set a hearing date to determine the appropriate punishment, (3) from a judgment of the same court, entered April 20, 1994, against him in the amount of $4,875, (4) as limited by the appellants' brief, from so much of an order of the same court, dated September 16, 1994, as imposed a fine upon him in the amount of $250, (5) as limited by the appellants' brief, from so much of an order of the same court, dated October 5, 1994, which, *inter alia,* fixed the Referee's fee at $9,500, and declared that he and his attorney were jointly and severally liable therefor, and (6) from a judgment of the same court, entered December 7, 1994, against him in the amount of $9,500. Richard Bruce Rosenthal, Irving Rosenthal's son and his attorney of record, appeals, as limited by the appellants'