■ MILTON BRATEN, Appellant, v EDWARD R. FINKELSTEIN et al., Respondents. [652 NYS2d 769] —In an action to recover damages for fraud and misrepresentation, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), dated November 3, 1995, as granted the branches of the defendants' motions which were to dismiss the action with prejudice and permanently enjoin the plaintiff, his current and former counsel of record in this action and their representatives, and any other persons and entities acting on behalf of the plaintiff from instituting any further actions or proceedings in connection with any of the matters, transactions, or circumstances alleged in his amended complaint against the defendants in any court in the State of New York.

Ordered that the order and judgment is affirmed, with costs; and it is further,

Ordered that counsel for the respective parties are directed to submit affirmations, on or before April 1, 1997, to the clerk of this Court on the issue of why an order should not be entered imposing appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1 (c) against the plaintiff and his counsel, and the counsel shall file five copies of their affirmations with this Court.

The instant action to recover damages for fraud and misrepresentation derives from a breach of contract dispute that commenced over 20 years ago *(see, Braten v Bankers Trust Co.,* 60 NY2d 155). At the core of this dispute is a revolving credit arrangement between the defendant Bankers Trust Company (hereinafter Bankers) and Braten Apparel Corp. (hereinafter BAC), of which the plaintiff was the president and one of the guarantors on the loan *(see generally, Matter of Braten,* 74 Bankr 1021; *Matter of Braten Apparel Corp.,* 21 Bankr 239, *affd* 26 Bankr 1009, *affd* 742 F2d 1435). In late 1974 Bankers called the loan, which precipitated an onslaught of lawsuits related to this matter in the courts of both the States of New York and South Carolina, including the United States Bankruptcy Court for the Southern District of New York *(see, e.g., Matter of Braten Apparel Corp., supra; Matter of Braten Apparel Corp.,* 68 Bankr 955; *Braten Apparel Corp. v Bankers Trust Co.,* 80 AD2d 786; *Braten v Bankers Trust Co., supra; Bankers Trust Co. v Braten,* 184 AD2d 239; *Bankers Trust Co. v Braten,* 317 SC 547, 455 SE2d 199 [Ct App 1995]).

In the instant action, the plaintiff argues that Bankers and its counsel, the defendant Moses & Singer, and the individual defendants, including John S. Peirera, who was the trustee in the BAC bankruptcy, misrepresented facts in all the prior proceedings and conspired to forgo the appeal of the BAC judgment. However, these claims have been previously litigated in both the New York and South Carolina courts *(Braten Apparel Corp. v Bankers Trust Co., supra; Bankers Trust Co. v Braten, supra)*. Therefore, the doctrines of res judicata and collateral estoppel bar the instant litigation *(see, Liss v Trans Auto Sys., 68 NY2d 15; O'Brien v City of Syracuse, 54 NY2d 353; Silverman v Leucadia, Inc., 156 AD2d 442)* and the amended complaint was properly dismissed.

We also note that the amended complaint must be dismissed against Pereira for lack of subject matter jurisdiction. Pereira was appointed by the United States Bankruptcy Court for the Southern District of New York to be the trustee in bankruptcy for BAC. Generally, courts other than the court appointing the bankruptcy trustee have no jurisdiction, without leave of the appointing court, to entertain suits against the trustee for acts done in his or her official capacity, except for suits against the trustee for acts that do not involve the assets of the bankrupt's estate *(see, Leon v Hirsch, 228 AD2d 417; Glendora v Duberstein, 215 AD2d 352)*. Because the amended complaint alleged that Pereira, as a trustee, negligently or fraudulently refused to pursue the appeal of the bankruptcy judgment against BAC, the Bankruptcy Court has exclusive jurisdiction.

In light of the plaintiff's history of engaging in frequent, protracted, and often frivolous litigation by attempting to relitigate the fraud issues, the Supreme Court properly permanently enjoined the plaintiff, his current and former counsel of record in this action, and their affiliates from instituting any further actions that are related to his amended complaint in any courts of this State against these defendants *(see, Sassower v Signorelli, 99 AD2d 358; Murray v National Broadcasting Co., 214 AD2d 708)*. Finally, sanctions may be warranted since the plaintiff's arguments on appeal were belied by the record, and are completely without merit in law or fact *(see, 22 NYCRR 130-1.1 [c]; SRF Bldrs. Capital Corp. v Ventura, 229 AD2d 431)*. Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.