■ In the Matter of SETTLEMENT HOME CARE, INC., Petitioner, v INDUSTRIAL BOARD OF APPEALS OF THE DEPARTMENT OF LABOR OF THE STATE OF NEW YORK et al., Respondents, and LOCAL 32B-32J-144, SERVICE EMPLOYEES' INTERNATIONAL UNION, AFL-CIO, Intervenor-Respondent. In the Matter of CHRISTIAN COMMUNITY IN ACTION, INC., Petitioner, v INDUSTRIAL BOARD OF APPEALS OF THE DEPARTMENT OF LABOR OF THE STATE OF NEW YORK et al., Respondents, and LOCAL 32B-32J-144, SERVICE EMPLOYEES' INTERNATIONAL UNION, AFL-CIO, Intervenor-Respondent. In the Matter of CABS HOME ATTENDANTS SERVICE, INC., Petitioner, v INDUSTRIAL BOARD OF APPEALS OF THE DEPARTMENT OF LABOR OF THE STATE OF NEW YORK et al., Respondents, and LOCAL 32B-32J-144, SERVICE EMPLOYEES' INTERNATIONAL UNION, AFL-CIO, Intervenor-Respondent. In the Matter of HUMAN RESOURCES ADMINISTRATION OF THE CITY OF NEW YORK et al., Petitioners, v INDUSTRIAL BOARD OF APPEALS OF THE DEPARTMENT OF LABOR OF THE STATE OF NEW YORK et al., Respondents, and LOCAL 32B-32J-144, SERVICE EMPLOYEES' INTERNATIONAL UNION, AFL-CIO, Intervenor-Respondent.—Four related proceedings pursuant to CPLR article 78 to review determinations of the respondent Industrial Board of Appeals of the Department of Labor of the State of New York, dated February 19, 1987, which, after a hearing, held that the respondent Commissioner of Labor of the State of New York had jurisdiction to issue notices of labor violation to the nonmunicipal petitioners. By order of this court dated February 24, 1988, the proceedings were consolidated for the purpose of argument before this court.

Adjudged that the determinations are confirmed and the proceedings are dismissed on the merits, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In these four related proceedings pursuant to CPLR article 78, the petitioners seek review of a determination of the Industrial Board of Appeals of the New York State Department of Labor (hereinafter the board), which, after a bifurcated hearing, affirmed the jurisdictional aspects of the notices of labor violations issued against the nonmunicipal petitioners Settlement Home Care, Inc. (hereinafter SHC), Christian Community in Action, Inc. (hereinafter CCA), and CABS Home Attendants Service, Inc. (hereinafter CABS) by the respondent Commissioner of Labor of the State of New York. The notices alleged that these three petitioners failed to meet minimum wage requirements with respect to certain named persons employed as sleep-in home attendants. The petitioners the

City of New York and the Human Resources Administration of the City of New York (hereinafter the HRA) were parties to the hearing before the board by virtue of the fact that the HRA is responsible for the administration of the home care services provided by SHC, CCA and CABS, as vendor agencies, to Medicaid-eligible elderly and disabled persons. The respondent Local 32B-32J-144, Service Employees' International Union, AFL-CIO, a union which represents health care workers, also participated in the hearing as an intervenor.

The jurisdictional issue before the board concerned whether sleep-in home attendants employed by the vendor agencies were excluded from coverage under the State Minimum Wage Act (Labor Law § 650 *et seq.),* based upon an exemption set forth in Labor Law § 651 (5) (a). That exemption provides that an individual is not considered an "employee" for minimum wage purposes if, *inter alia,* that individual is: "someone who lives in the home of an employer for the purpose of serving as a companion to a sick, convalescing or elderly person, and whose principal duties do not include housekeeping" (Labor Law § 651 [5] [a]). The board rejected the petitioners' contentions that the home attendants were exempt and affirmed the Commissioner's determination in the notices that the attendants were covered by the Minimum Wage Act.

The petitioners challenged the board's determination in four separate CPLR article 78 proceedings commenced in the Supreme Court, Kings County. That court transferred the proceedings here pursuant to CPLR 7804 (g). By order of this court dated February 24, 1988, the proceedings were consolidated for the purposes of argument. We now confirm the board's determination and dismiss the proceedings.

The petitioners contend that the board's determination regarding the inapplicability of the foregoing exemption to sleep-in home attendants is not supported by substantial evidence in the record. We disagree. The State Minimum Wage Act constitutes remedial legislation designed to relieve the financial hardship experienced by persons employed in occupations "at wages insufficient to provide adequate maintenance for themselves and their families" (Labor Law § 650). As such, it is to be liberally construed so as to permit as many individuals as possible to take advantage of the benefits it offers *(see generally, Matter of Mlodozeniec v Worthington Corp.,* 9 AD2d 21, *affd* 8 NY2d 918, *appeal dismissed and cert denied* 364 US 628). Conversely, exceptions to this remedial legislation are to be narrowly construed so as not to frustrate the legislative purpose underlying its enactment *(see generally,*

*Matter of Radich v Council of City of Lackawanna,* 93 AD2d 559, *affd* 61 NY2d 652). Accordingly, the exemption to the Minimum Wage Act embodied in Labor Law § 651 (5) (a) may not be found applicable unless all the statutory requirements therefor have been established. The petitioners in the instant proceedings have failed to carry this burden.

Initially, we find unpersuasive the petitioners' contentions that the board should have concluded that the first prong of the statutory exemption (i.e., that the individual "live * * * in the home of an employer") has been satisfied. The petitioners concede that they are general employers of the home attendants but allege that each client is the "joint" or "special" employer of the particular home attendant assigned to that client. While the sleep-in home attendants involved in these proceedings do reside with the elderly and convalescing clients of the vendor agencies, there is ample evidence in the record to support the board's conclusion that the clients should not be considered employers of these attendants for the purposes of Labor Law § 651 (5) (a). Indeed, the clients possess few of the attributes commonly associated with employers, as they are neither directly nor indirectly responsible for the remuneration of the attendants. Similarly, they do not define the scope of duties of the attendants, nor do they control the hiring and firing of attendants by the vendor agencies. Hence, inasmuch as there is substantial evidence to sustain the board's determination that the clients with whom the attendants reside are not employers within the purview of Labor Law § 651 (5) (a), the petitioners have failed to establish that the attendants "live * * * in the home of an employer".

Similarly unavailing are the petitioners' claims that they have satisfied the second statutory requirement by demonstrating that each sleep-in home attendant is employed "for the purpose of serving as a companion" of the client (Labor Law § 651 [5] [a]). The term "companion" is defined in the Division of Labor Standards as follows: "someone who lives in the home of an employer for the purpose of serving as a companion to a sick, convalescing or elderly person, and whose principal duties do not include housekeeping" (12 NYCRR 142-2.16 [c] [1] [ii]). While the foregoing regulation does no more than repeat the exemption for companions found in Labor Law § 651 (5) (a), it is clear from the record that the sleep-in home attendants herein live at the homes of the clients for the purpose of performing a variety of specific personal care and housekeeping services. These services include bathing, grooming, feeding and dressing the clients, as

well as preparing meals, shopping, housecleaning and doing laundry. Accordingly, although home attendants do provide some measure of companionship to the clients, the evidence overwhelmingly supports the board's conclusion that such companionship is incidental to, rather than the purpose of, the attendants' presence in the clients' homes.

The petitioners have similarly failed to satisfy the third and final prong of the companion exemption, i.e., that the attendant's "principal duties do not include housekeeping". The hearing testimony, as noted above, clearly demonstrates that housekeeping services, while not the only duties of the attendants, do comprise principal duties and, as found by the board, constitute an integral part of the services provided by the sleep-in home attendants involved herein. Inasmuch as there is substantial evidence to support the board's conclusion that none of the statutory requirements for an exemption to the Minimum Wage Act pursuant to Labor Law § 651 (5) (a) has been met, confirmation of the board's determination and dismissal of the proceedings is warranted (see generally, Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).

We have considered the petitioners' remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.