Nina Tokhtaman, Respondent, v Human Care, LLC, Appellant, et al., Defendants. [52 NYS3d 89]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 23, 2016, which denied defendant Human Care, LLC's motion to dismiss the complaint, unanimously affirmed, without costs.

Defendants are not entitled to dismissal of the minimum wage, overtime, and failure to pay wages claims. The merit of these claims depends on whether plaintiff, who was employed by defendants as a home health care attendant, falls within the category of employees who need only be paid for 13 hours of every 24-hour shift. We find that plaintiff has sufficiently alleged that she does not fall within that category.

Department of Labor Regulations (12 NYCRR) § 142-2.1 (b) provides that the minimum wage must be paid for each hour an employee is "required to be available for work at a place prescribed by the employer," except that a "residential employee—one who lives on the premises of the employer" need not be paid "during his or her normal sleeping hours solely because he is required to be on call" or "at any other time when he or she is free to leave the place of employment" (12 NYCRR 142-2.1 [b] [1], [2]). A March 11, 2010 Department of Labor (DOL)

opinion letter provides further guidance regarding this regulation, advising that "live-in employees," whether or not they are "residential employees," "must be paid not less than for thirteen hours per twenty-four hour period provided that they are afforded at least eight hours for sleep and actually receive five hours of uninterrupted sleep, and that they are afforded three hours for meals" (NY St Dept of Labor Op No. RO-09-0169 at 4 [Mar. 11, 2010]).

"[C]ourts are not required to embrace a regulatory construction that conflicts with the plain meaning of the promulgated language" (*Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499, 506 [2005]), or that is "irrational or unreasonable" (*Samiento v World Yacht Inc.*, 10 NY3d 70, 79 [2008] [internal quotation marks omitted]).

We find that the DOL opinion conflicts with 12 NYCRR 142-2.1 (b) insofar as the opinion fails to distinguish between "residential" and "nonresidential" employees, and should thus not be followed in this respect (*see Lai Chan v Chinese-American Planning Council Home Attendant Program, Inc.*, 50 Misc 3d 201, 213-216 [Sup Ct, NY County 2015]; *Andryeyeva v New York Health Care, Inc.*, 45 Misc 3d 820, 826-833 [Sup Ct, Kings County 2014]; *see also Kodirov v Community Home Care Referral Serv., Inc.*, 35 Misc 3d 1221[A], 2012 NY Slip Op 50808[U], *2 [Sup Ct, Kings County 2012]). As such, if plaintiff can demonstrate that she is a nonresidential employee, she may recover unpaid wages for the hours worked in excess of 13 hours a day.

Plaintiff alleges that she "maintained her own residence, and did not 'live in' the homes of Defendants' clients." Although plaintiff admitted that she "generally worked approximately 168 hours per week" (or 24 hours a day, 7 days a week), it cannot be said at this early stage, prior to any discovery, that she lived on her employers' premises as a matter of law.

Because the viability of plaintiff's "spread of hours" claim (*see* Dept of Labor Regulations [12 NYCRR] § 142-2.4 [a]) likewise turns on whether plaintiff is entitled to be paid for the full 24 hours worked or only 13 of those hours, the motion court correctly denied the motion to dismiss as to that claim.

Defendants are not entitled to dismissal of the breach of contract claim. Plaintiff has standing to sue as a third-party beneficiary of the alleged contracts requiring defendants to pay plaintiff certain wages pursuant to Public Health Law § 3614-c (*see Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 601-603 [2008]; *Moreno v Future Care Health Servs., Inc.*, 43 Misc 3d 1202[A],

2014 NY Slip Op 50449[U], *23-25 [Sup Ct, Kings County 2014]). The breach of contract allegations give sufficient notice of the nature of the claim (*JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2d Dept 2010]; *see also Second Source Funding, LLC v Yellowstone Capital, LLC*, 144 AD3d 445, 446 [1st Dept 2016]). Although the complaint does not specifically identify the contracts or government agencies at issue, its citation to Public Health Law § 3614-c makes clear that the contracts referenced are those required for every company providing health care services that seek reimbursement from Medicaid or Medicare (*see* Public Health Law § 3614-c; *Matter of Concerned Home Care Providers, Inc. v State of New York*, 108 AD3d 151, 153-154 [3d Dept 2013], *appeal dismissed* 22 NY3d 946 [2013], *lv denied* 22 NY3d 859 [2014]; *Moreno*, 2014 NY Slip Op 50449[U], *23-25). Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.