In a putative class action, inter alia, to recover damages for violations of Labor Law article 19, the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 24, 2015, which denied their motion for class certification pursuant to CPLR article 9, and (2), as limited by their brief, from so much of an order of the same court (Knipel, J.) dated October 27, 2015, as, upon reargument, adhered to the original determination in the order dated April 24, 2015.
 

 Ordered that the appeal from the order dated April 24, 2015, is dismissed, as that order was superseded by the order dated October 27, 2015, made upon reargument; and it is further,
 

 Ordered that the order dated October 27, 2015, is reversed insofar as appealed from, on the law and in the exercise of discretion, upon reargument, the order dated April 24, 2015, is vacated, and the plaintiffs’ motion for class certification pursuant to CPLR article 9 is granted; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiffs.
 

 The plaintiffs were employed by the defendant Future Care Health Services, Inc. (hereinafter Future Care), as home health care attendants for Future Care’s disabled and elderly clients. The plaintiffs worked a number of 24-hour shifts for Future Care for which they were paid flat rates of $115 to $125 per shift, and they allegedly did not “live-in” the homes of Future Care’s clients. The plaintiffs commenced this action, alleging that Future Care’s practice of paying them a flat rate for their 24-hour shifts resulted in a wage that was below the minimum wage in violation of the Labor Law.
 

 The plaintiffs moved to certify a class of home health care attendants who had worked 24-hour shifts for Future Care after February 6, 2007, and had been paid a flat daily rate instead of the minimum wage for each hour of the shift. The Supreme Court denied the motion. Relying on an opinion letter issued by the New York State Department of Labor (hereinafter DOL) on March 11, 2010, the court concluded that Future Care was not required to pay the plaintiffs for each hour of a 24-hour shift, but was permitted to exclude 8 hours of sleep time and 3 hours of meal time from the plaintiffs’ wages, so long as that time was actually afforded. Based on its interpretation of the opinion letter, the court concluded that the plaintiffs had failed to establish the numerosity, commonality, and typicality requirements for class certification because a fact-intensive individualized inquiry would be required for each putative class member to determine whether each putative class member was actually afforded 8 hours of sleep time and 3 hours of meal time during each 24-hour shift. Upon re-argument, the court adhered to its original determination.
 

 To the extent that the DOL’s opinion letter fails to distinguish between “residential” and nonresidential employees, it conflicts with the plain meaning of 12 NYCRR 142-2.1 (b), and should not be followed (see Andryeyeva v New York Health Care, Inc., 153 AD3d 1216, 1219 [2017] [decided herewith]; Tokhtaman v Human Care, LLC, 149 AD3d 476, 477 [2017]). To the extent that the members of the proposed class were not “residential” employees who “live[d]” on the premises of their employer, they were entitled to be paid the minimum wage for all 24 hours of their shifts, regardless of whether they were afforded opportunities for sleep and meals (12 NYCRR 142-2.1 [b]; see Andryeyeva v New York Health Care, Inc., 153 AD3d at 1219 [decided herewith]; see generally Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192-193 [2016]; Matter of Settlement Home Care v Industrial Bd. of Appeals of Dept. of Labor of State of N.Y, 151 AD2d 580, 581-582 [1989]).
 

 The plaintiffs established the existence of the five prerequisites to class certification (see CPLR 901 [a]; City of New York v Maul, 14 NY3d 499, 508, 514 [2010]), and none of the factors listed in CPLR 902 warranted a denial of the motion for class certification (see Jiannaras v Alfant, 124 AD3d 582, 584 [2015], affd 27 NY3d 349 [2016]; Dowd v Alliance Mtge. Co., 74 AD3d 867, 869 [2010]; Argento v Wal-Mart Stores, Inc., 66 AD3d 930, 934 [2009]). Accordingly, upon reargument, the Supreme Court should have vacated its original determination and granted the plaintiffs’ motion for class certification (see Andryeyeva v New York Health Care, Inc., 153 AD3d at 1219 [decided herewith]).
 

 Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.