In a putative class action to recover damages for violations of Labor Law article 19, the defendants appeal from an order of the Supreme Court, Kings County (Demarest, J.), dated September 16, 2014, which granted the plaintiffs’ renewed motion for class certification pursuant to CPLR article 9.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiffs were employed by the defendant New York Health Care, Inc., doing business as New York Home Attendant Agency (hereinafter NYHC), as home health care attendants for NYHC’s elderly and disabled clients. The plaintiffs allegedly worked at the clients’ residences in 24-hour shifts. They alleged that they did not “live in” the homes of NYHC’s clients and that they were not “working in the home of their employer,” NYHC. The plaintiffs were paid an hourly rate for the 12 daytime hours of their 24-hour shifts and a flat rate for the 12 nighttime hours. The plaintiffs commenced this action, contending that they were entitled to the minimum wage for each hour of their 24-hour shifts and that NYHC’s payment practice violated the Labor Law and 12 NYCRR 142-2.1 (b) (hereinafter the Wage Order) because it resulted in a regular hourly wage that was below the minimum wage.
 

 In February 2014, after the Supreme Court had initially denied, as premature, the plaintiffs’ motion to certify the action as a class action, the plaintiffs made a renewed motion to certify a class of approximately 1,063 home attendants who had worked 24-hour shifts for NYHC between December 28, 2007, and March 8, 2013. In opposition, the defendants contended that they were not required to pay home attendants for each hour of a 24-hour shift, but were permitted to exclude 8 hours of sleep time and 3 hours of meal time from the home attendants’ wages, so long as that time for sleep and meals was actually afforded. In support of their contention, the defendants relied on, among other things, an opinion letter issued by the New York State Department of Labor (hereinafter DOL), which interpreted the Wage Order. The defendants thus contended that, contrary to the plaintiffs’ contention, the members of the class could not simply rest on proof that they worked 24-hour shifts; they would each also be required to prove that they had not been afforded their sleep and meal times during those shifts. In light of the need for such a fact-intensive inquiry as to each member of the putative class, the defendants contended that the plaintiffs could not meet the numerosity, commonality, and typicality requirements for class certification, and that class certification should therefore be denied. The Supreme Court granted the renewed motion for class certification. The defendants appeal, and we affirm.
 

 As relevant here, subsection (b) of the Wage Order (12 NYCRR 142-2.1 [“Basic minimum hourly wage rate and allowances”]) provides: “The minimum wage shall be paid for the time an employee is . . . required to be available for work at a place prescribed by the employer .... However, a residential employee — one who lives on the premises of the employer— shall not be deemed to be . . . required to be available for work . . . during his or her normal sleeping hours solely because he [or she] is required to be on call during such hours; or . . .at any other time when he or she is free to leave the place of employment” (see 12 NYCRR 142-3.1 [b] [substantively identical provision applicable to employees in nonprofitmaking institutions]). A March 11, 2010, DOL opinion letter advises that “live-in employees,” whether or not they are “residential employees,” “must be paid not less than for thirteen hours per twenty-four hour period provided that they are afforded at least eight hours for sleep and actually receive five hours of uninterrupted sleep, and that they are afforded three hours for meals” (NY St Dept of Labor Op No. RO-09-0169 at 4 [Mar. 11, 2010]). As we have already noted, the defendants rely on this letter as support for their payment practices.
 

 “The construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld” (Sarniento v World Yacht Inc., 10 NY3d 70, 79 [2008] [internal quotation marks omitted]). On this appeal, the defendants and the plaintiffs do not dispute the status of the putative members of the class as nonresidential employees. Thus, we must determine whether the DOL’s interpretation of the Wage Order is rational or reasonable insofar as it permits NYHC’s payment practices with respect to nonresidential aides. We agree with our colleagues in the Appellate Division, First Department, that the DOL’s interpretation is neither rational nor reasonable, because it conflicts with the plain language of the Wage Order (see Tokhtaman v Human Care, LLC, 149 AD3d 476, 477 [2017]; see generally Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health, 5 NY3d 499, 506 [2005]). The plaintiffs were required to be at the clients’ residences and were also required to perform services there if called upon to do so. To interpret that regulation to mean that the plaintiffs were not, during those nighttime hours, “required to be available for work” simply because it turned out that they were not called upon to perform services is contrary to the plain meaning of “available” (12 NYCRR 142-2.1 [b]; cf. Severin v Project Ohr, Inc., 2012 WL 2357410, *8, 2012 US Dist LEXIS 85705, *24-25 [SD NY, June 20, 2012, No. 10 Civ. 9696 (DLC)]). In short, to the extent that the members of the proposed class were not “residential” employees who “live[d] on the premises of the employer,” they were entitled to be paid the minimum wage for all 24 hours of their shifts, regardless of whether they were afforded opportunities for sleep and meals (12 NYCRR 142-2.1 [b]; see Tokhtaman v Human Care, LLC, 149 AD3d at 477; see generally Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192-193 [2016]; Matter of Settlement Home Care v Industrial Bd. of Appeals of Dept. of Labor of State of N.Y., 151 AD2d 580, 581-582 [1989]).
 

 The defendants’ arguments regarding class certification are premised on their contention that the DOL’s opinion letter is in accord with the Wage Order. Inasmuch as we reject the DOL’s interpretation of the Wage Order, we also find that, on their renewed motion, the plaintiffs established the existence of the five prerequisites to class certification (see CPLR 901 [a]; City of New York v Maul, 14 NY3d 499, 508, 514 [2010]), and none of the factors listed in CPLR 902 warranted a denial of the motion (see Jiannaras v Alfant, 124 AD3d 582, 584 [2015], affd 27 NY3d 349 [2016]; Dowd v Alliance Mtge. Co., 74 AD3d 867, 869 [2010]; Argento v Wal-Mart Stores, Inc., 66 AD3d 930, 934 [2009]). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs’ renewed motion for class certification.
 

 The defendants’ remaining contention is without merit.
 

 Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.