Singh v Zoria Hous., LLC (2018 NY Slip Op 05513)





Singh v Zoria Hous., LLC


2018 NY Slip Op 05513


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-06611
 (Index No. 12443/15)

[*1]Maninder Singh, appellant, 
v
Zoria Housing, LLC, et al., respondents.


Jonathan Silver, Kew Gardens, NY, for appellant.
FordHarrison LLP, New York, NY (Eric Su of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered May 23, 2016. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff alleged that he was employed by the defendant Zoria Housing, LLC (hereinafter Zoria Housing), from 2012 through August 2015. The defendant Lakhi Zoria is a principal of Zoria Housing. The plaintiff alleged that in the course of his employment for Zoria Housing, he performed work at various properties owned by the New York City Housing Authority (hereinafter NYCHA). The plaintiff commenced this action alleging, inter alia, that the defendants violated various provisions of the Labor Law with respect to payment of "prevailing wages" and overtime pay to employees of contractors and subcontractors engaged in public-works contracts. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court, inter alia, granted the motion. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit
of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87).
Here, the plaintiff stated viable breach of contact causes of action based on violations of statutorily mandated provisions in agreements between Zoria Housing and NYCHA, requiring the payment of prevailing wages and overtime pay. "In situations where the Labor Law requires the inclusion of a provision for payment of the prevailing wage in a labor contract between a public agency and a contractor, a contractual obligation is created in favor of the contractor's employees, and an employee covered by or subject to the contract, in his or her status as third-party beneficiary to the contract, possesses a common-law cause of action against the contractor to recover damages for breach of such a contractual obligation" (Stennett v Moveway Transfer & Stor., Inc., 97 AD3d [*2]655, 656-657; see Cox v NAP Constr. Co., Inc., 10 NY3d 592). Here, the complaint alleges, in effect, that Zoria Housing failed to pay the plaintiff "prevailing wages" and overtime pay in breach of municipal contracts that included prevailing-wage and overtime provisions pursuant to the Labor Law (see generally Labor Law §§ 220, 231). The complaint thus stated viable breach of contract causes of action (see Cox v NAP Constr. Co., Inc., 10 NY3d at 607; Stennett v Moveway Transfer & Stor., Inc., 97 AD3d at 656-657; see also Tokhtaman v Human Care, LLC, 149 AD3d 476, 477-478).
Further, contrary to the defendants' contentions, they did not submit documentary evidence that conclusively established a defense. A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of New York, 98 NY2d 314, 326; see 533 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 746).
In support of their motion, the defendants submitted a bid document which, they state, is the governing agreement between Zoria Housing and NYCHA, as to the relevant projects and time frame. That bid document is not executed, and it is dated 2013, after the plaintiff allegedly began to work for Zoria Housing. Thus, even assuming the bid document constituted documentary evidence, this document does not conclusively establish the defense to the complaint that the plaintiff was required to exhaust administrative remedies prior to asserting the breach of contract causes of action. Contrary to the defendants' contention, the plaintiff was not required to exhaust any available administrative remedies prior to asserting the breach of contract causes of action, notwithstanding any provisions of that bid document pertaining to administrative processes (see Cox v NAP Constr. Co., Inc., 10 NY3d at 606-607; Stennett v Moveway Transfer & Stor., Inc., 97 AD3d at 656-657). Accordingly, the Supreme Court should not have granted the defendants' motion to dismiss the complaint.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court