Matter of People of the State of N.Y. v Annucci (2024 NY Slip Op 01685)

Matter of People of the State of N.Y. v Annucci

2024 NY Slip Op 01685

Decided on March 26, 2024

Appellate Division, First Department

Gonz lez, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Sallie Manzanet-Daniels Lizbeth González Julio Rodriguez III Bahaati E. Pitt-Burke

Index No. 809560/22 Appeal No. 1410 Case No. 2023-02750 

[*1]In the Matter of People of the State of New York, etc., Petitioner-Respondent,
v
Anthony Annucci, etc., Respondent-Appellant, Louis Molina, etc., Respondent.

Respondent Annucci appeals from the judgment of the Supreme Court, Bronx County (David L. Lewis, J.), entered May 30, 2023, granting petitioner's petition for a writ of habeas corpus, and dismissing a June 17, 2022, parole revocation warrant for Anthony Maniscalco.

Letitia James, Attorney General, New York (Philip J. Levitz and Ester Murdukhayeva of counsel), for appellant.
Twyla Carter, The Legal Aid Society, New York (Michelle McGrath, Steven Demarest and Kerry Elgarten of counsel), for respondent.

González, J. 

Petitioner, an alleged parole violator, seeks habeas corpus relief. At issue is whether the Department of Corrections and Community Supervision (DOCCS) conducted a timely preliminary hearing in accordance with the Less is More Act (LIMA). We hold that it did not. We decline to adopt DOCCS's self-serving interpretation of LIMA which, in essence, undermines the intent of the Legislature in amending Executive Law § 259-i to compel the speedy adjudication of alleged parole violations. Adopting DOCCS's analysis would not only countenance the lengthy scheduling of recognizance hearings for alleged parole violators but also disregard LIMA's 24-hour scheduling requirement. Therefore, we find that Supreme Court properly granted petitioner's habeas corpus petition.
In February 2018, a police officer attempted to arrest petitioner in connection with a November 2017 violation of an order of protection. Petitioner caused physical injury to the police officer with the intent of preventing the officer from performing his lawful duty. Petitioner was arrested and indicted separately for the violation and the assault. In April 2018, petitioner was convicted and sentenced in Supreme Court, Richmond County, for assault in the second degree in full satisfaction of the indictments.
In 2021, while petitioner was incarcerated, the Legislature amended Executive Law § 259-i by enacting the Less is More Act. LIMA is designed to shorten the timeframe by which releasees charged with parole violations are afforded hearings.[FN1] As relevant here, the statute provides that "upon execution of a warrant . . . the authorized officer shall present the releasee . . . for a recognizance hearing within twenty-four hours of the execution of the warrant" (Executive Law § 259-i[3][a][iv]). The statute states that "if no such court of record is available to conduct any business of any type within [24] hours . . . the recognizance hearing shall commence on the next day such a court in the jurisdiction is available to conduct any business of any type" (id.). The law directs that, "[f]or any alleged violation for which a court issued an order detaining a person, within five days of the issuance of such order to detain or the execution of a warrant for the violation, the department shall afford such person a preliminary hearing" (Executive Law § 259-i[3][c][i][B]). Any "order detaining a person" is issued within the context of the recognizance hearing (Executive Law [*2]at § 259-i[3][a][vi]).
The timing of a recognizance hearing is pivotal. The purpose of a recognizance hearing is to ensure that the executed warrant was properly issued and served (Executive Law § 259-i[3][a][v]-[viii]). The subsequent preliminary hearing, if any, is meant to determine whether there was probable cause to determine that a person "has violated one or more conditions of his or her release in an important respect" (Executive Law § 259-i[3][c][iii]-[x]). A final hearing is held if a hearing officer finds by a preponderance of the evidence that a person violated one or more conditions of community supervision (Executive Law § 259-i[3][c][ix]).
On April 28, 2022, petitioner was released on parole. He was rearrested on June 10, 2022, after he allegedly punched a police officer, and charged with obstructing government administration in the second degree, disorderly conduct, resisting arrest, and assault in the second degree. On June 17, 2022, while petitioner was in custody due to that arrest, DOCCS issued a parole warrant to detain him for violation of parole. Petitioner's charge sheet recorded that the warrant was "enforced" and lodged at the correctional facility on June 17, 2022. That same day, DOCCS made a call to "the courts" to request a recognizance hearing. The record evidence shows that no further efforts were made by DOCCS. Accordingly, the recognizance hearing was untimely held on June 22, 2022. Petitioner's preliminary hearing was held on June 24, 2022.
On June 27, 2022, petitioner filed a habeas corpus petition, arguing that the preliminary hearing was untimely because it was held on June 24, 2022, more than five statutory days after the execution of the warrant on June 17, 2022. In opposition to the petition, DOCCS contended that it was not responsible for any delays in scheduling a recognizance hearing, as it made a timely request on June 17, 2022. DOCCS further maintained that its interpretation was entitled to deference. DOCCS argued that it correctly interpreted the Executive Law by measuring the date of the preliminary hearing against the issuance date of the recognizance hearing order. Using this metric, the June 24th preliminary hearing was timely held relative to the June 22th recognizance hearing.
Supreme Court granted the petition and issued the writ. The court noted that whereas the warrant was issued on June 17, 2022, the recognizance hearing was held on June 22, 2022, well beyond the 24-hour period prescribed by the law. The court found that, irrespective of DOCCS regulations allowing the five-day period to run from the date of the recognizance order, upholding DOCCS's relaxed interpretation of the statute would enable the agency to sidestep the consequences of missing the 24-hour recognizance hearing deadline. We agree.
It is well settled that "[t]he primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature" (see People v Santi[*3], 3 NY3d 234, 243 [2004], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 92). In doing so, courts "should consider the mischief sought to be remedied by the new legislation, and . . . construe the act in question so as to suppress the evil and advance the remedy" (McKinney's Cons Laws of NY, Book 1, Statutes § 95). LIMA was enacted to reduce the number of people held in custody in New York by shortening the timeframe for adjudicatory hearings and increasing judicial oversight in the parole revocation process. Prior to the amendment of Executive Law § 259-1 in 2021, preliminary hearings were required to be held within 15 days (Executive Law § 259-i[3][c][iv] [2018]). The revised statutory timeframe ensures that alleged parole violators will have a speedier day in court.
When construing a statute, the overall statutory scheme must be considered as a whole (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 177 [2019] ["All parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof"], citing McKinney's Cons Laws of NY, Book 1, Statutes § 98; see also Frank v Meadowlakes Dev. Corp., 6 NY3d 687, 691 [2006] ["A statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine the legislative intent"], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 97).
DOCCS rationalized that the preliminary hearing on June 24, 2022 was timely because the five-day period began running from the date of the recognizance hearing held on June 22, 2022. We hold that DOCCS's interpretation of the statute is contrary to law and merits no deference. To hold otherwise would disregard legislative intent (see People v Allen, 92 NY2d 378, 382-383 [1998]).
LIMA's plain language was abrogated when petitioner's recognizance hearing was held five days after the execution of the warrant, instead of within the requisite 24 hours. This error was compounded when the preliminary hearing was held seven days after the execution of the warrant, instead of the requisite five days (Executive Law § 259-i[3][c][i][B]). The interpretation that DOCCS advances would bypass LIMA and effectively remove its statutory duty to ensure that recognizance hearings are timely held within 24 hours of the warrant execution (see Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health, 5 NY3d 499, 506 [2005] ["Although it is true that an agency's interpretation of its own regulation generally is entitled to deference, courts are not required to embrace a regulatory construction that conflicts with the plain meaning of the promulgated language"]; Tokhtaman v Huan Care, LLC, 149 AD3d 476, 477 [1st Dept 2017] [same]).
DOCCS's argument that the "execution" of the warrant took effect when it was served upon the petitioner on June 22, 2022, is unpreserved[*4]. In any event, DOCCS fails to recognize that it was served with the warrant on June 17th and controlled its actual service upon petitioner. Service of the warrant upon DOCCS effectuated its "execution"; constituted service upon petitioner, its ward; and started the ticking of the statutory clock. Blaming the recognizance hearing court for failing to hold the hearing within 24 hours of the execution of the warrant on June 17, 2022, is unavailing under the circumstances presented here.
We thus affirm Supreme Court's exercise of discretion in granting the habeas corpus petition.
Accordingly, the judgment of the Supreme Court, Bronx County (David L. Lewis, J.), entered May 30, 2023, granting petitioner's petition for a writ of habeas corpus, and dismissing a June 17, 2022, parole revocation warrant for Anthony Maniscalco, should be affirmed, without costs.
Judgment, Supreme Court, Bronx County (David L. Lewis, J.), entered May 30, 2023 affirmed, without costs.
Opinion by González, J. All concur.
Renwick, P.J., Manzanet, González, Rodriguez, Pitt-Burke, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024

Footnotes

Footnote 1: According to Senator Brian Benjamin, the bill's sponsor, LIMA purports to "reduce the number of people held in jail and prison in New York, by . . . (4) limiting the circumstances under which people subject to community supervision may be re-incarcerated for violations of the terms of community supervision . . .; and (5) shortening the timeframe for adjudicatory hearings" (see Senate Sponsor Memo (S1144A), https://www.nysenate.gov/legislation/bills/2021/S1144).