---

(10 App. Div. 271.)

FLEISCHMAN et al. v. TILT et ux.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

MORTGAGES—FORECLOSURE—PARTIES.
  Where a mortgagor, after the execution of the mortgage, makes an agreement with an adjoining owner, fixing a boundary line, such adjoining owner is a proper party defendant in an action to foreclose the mortgage, since his rights in the land acquired under the agreement may be foreclosed in such action.

Appeal from special term, New York county.

Action by Charles Fleischman and others, as executors and trustees, against Albert Tilt and others, to foreclose a deed alleged to be a mortgage. There was a judgment in favor of plaintiffs, and defendants Albert Tilt and wife appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

George H. Fletcher, for appellants.
C. Bainbridge Smith, for respondents.

O'BRIEN, J. On the 18th of May, 1892, the defendant Nathaniel Jarvis, Jr., conveyed by deed to Edward T. Wood certain property, embracing the premises foreclosed. On the 13th day of June, 1892, by an instrument in writing, it was agreed that the deed should be declared and accepted as a mortgage. On the 12th day of May, 1895, Jarvis and Tilt, by an instrument in writing, mutually agreed as to "the division or boundary line between their respective properties," and Jarvis and wife released to Tilt all of the land to the eastward of such boundary line agreed upon, and Tilt released to Jarvis all of the land westward of such line. As this agreement was subsequent to the Wood deed, Tilt and his wife were proper parties defendant in this action for the foreclosure of the mortgage made by Jarvis to Wood, and assigned to plaintiffs. It was entirely proper, therefore, that both in the findings and the judgment any rights in and to the mortgaged premises, based upon the agreement between Jarvis and Tilt, which was subsequent to the mortgage, should be barred and foreclosed. But it was important that neither

should be extended further, so as to affect any prior right or title which the Tilts had in any of the property foreclosed, or in the adjoining property; because it has been many times held that in a foreclosure action no question of title adverse to the mortgagor can be litigated.

Sufficient care was not taken in the preparation of the findings and judgment, and these should be corrected so as not to unjustly affect or cloud the title of Tilt. Thus the first conclusion of law as found states "that the defendants in this action, and each of them, have no interest in or lien upon said premises, or any part thereof, prior to the lien of the plaintiff's mortgage." The question of whether Tilt had any interest or lien prior to the plaintiff's mortgage was not involved and could not be litigated in this foreclosure action, and it was, therefore, improper to have such a statement in the conclusion of law. The proper substitute would have been that proposed by the defendant Tilt, to the effect that "the plaintiffs are entitled to judgment of foreclosure and sale of the premises described in the complaint, and that the defendants in this action, and all persons claiming under them, as to any rights, claims, or interest which has accrued subsequent to the execution of the deed from the defendant Edward T. Wood, be barred and foreclosed of every right, claim, lien, or equity of redemption in the said mortgaged premises." So, also, we think that, instead of the sixth finding of fact, the one proposed as a substitute should have been found.

Again, the direction of judgment "to be entered for the plaintiff against the said defendants for the sum of $28,955.83 and costs, with interest," should be amended so as to exclude the defendants Tilt, who, it is not claimed, owe any money to plaintiffs. And again, in the same direction, that "the defendants in this action, and all persons claiming under them subsequent to the execution of the deed, * * * be forever barred and foreclosed of every right, title, claim, lien, and equity of redemption in the said mortgaged premises," might be the subject of misconstruction as affecting any prior claim to or interest in the property which the Tilts had; and therefore, to correct any such error or confusion, this direction should be "that the defendants in this action, and all persons claiming under them, as to any rights, claims, or interest which have accrued subsequently to the execution of the deed of the defendant Jarvis to Edward T. Wood, be barred and foreclosed of every right, title, claim, lien, and equity of redemption in the said mortgaged premises." While giving to the plaintiffs all the relief to which they are entitled, and barring the Tilts from any rights which they claim under the subsequent agreement made between them and Jarvis, the modifications suggested will leave the defendants Tilt in the position that their interest or title, if any, which was acquired prior to the deed to Wood, will be in no way affected.

The findings, conclusions, and judgment should be modified accordingly, and, as so modified, affirmed, without costs. All concur.