### (June 10, 1975)

◼ MANUFACTURERS HANOVER TRUST COMPANY, Appellant, v SUMANDE SHIPPING CORP., Respondent.—Order, Supreme Court, New York County, entered on October 4, 1974, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and motion granted with $60 costs and disbursements to appellant. It stands factually unrefuted in the record that plaintiff bank made loans to defendant which are evidenced by the promissory notes sued upon and that defendant received the money, applied it to the purchase of a steamship (and to cover operational expenses) and now has refused to repay the bank therefor. Defendant's new shareholders cannot claim lack of knowledge, when the facts are ascertainable and obvious, and thereby defeat plaintiff's amply documented right to recover. Certainly, it is no defense that the signatories to the banking resolution did not actually hold the respective offices indicated therein. Since it is clearly established that the defendant received the sums sued for and used them for corporate purposes, it must repay plaintiff. Settle order on notice. Concur—Stevens, P. J., Murphy, Lupiano, Capozzoli and Nunez, JJ.

◼ PATRICIA EISENBERG, Respondent, v JULES EISENBERG, Appellant.—Order, Supreme Court, New York County, entered January 22, 1975, unanimously modified, on the law and the facts, to reinstate the second counterclaim, and otherwise affirmed; order of Gomez, J. entered on the same date awarding plaintiff temporary alimony, support and counsel fees unanimously affirmed. Plaintiff shall recover of defendant-appellant one bill of $60 costs and disbursements. In this divorce action by the plaintiff wife, wherein defendant husband counterclaimed for like relief, the answer alleged adultery in the first counterclaim, and, in the second counterclaim, cruel and inhuman treatment (Domestic Relations Law, § 170, subd [1]). The latter is sufficiently pleaded, *Hessen v Hessen* (33 NY2d 406), while the adultery claim was vague and incomplete (see Foster & Freed, Law and the Family, vol 1 [rev ed], § 5:36, p 164), and was properly dismissed with leave to replead. Concur—Kupferman, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.