■ Leo Zanoni et al., Appellants-Respondents, v 855 Holding Co., Inc., et al., Respondents, and M. Robert Lehrer, Respondent-Appellant, et al., Defendants. — In an action, *inter alia*, for the equitable rescission of a contract for

the sale of stock based upon fraud and to determine the interests of the parties in an escrow account, plaintiffs appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated August 17, 1982, which, *inter alia,* dismissed their complaint against defendants and directed that the funds in an escrow account be paid to defendant Brentwood Pioneer Associates (hereinafter BPA), and defendant M. Robert Lehrer cross-appeals from so much of the same judgment as is in favor of BPA and against him on BPA's cross claim to recover the unpaid down payment due under a contract of sale. Judgment modified, on the law and the facts, by deleting the fifth and sixth decretal paragraphs, and substituting therefor (1) a provision awarding plaintiff Zanoni judgment against defendant 855 Holding Co., Inc., in the amount of $23,000 plus interest from October 16, 1978, upon his cause of action for fraud, (2) a provision awarding plaintiff Standard Commercial Cartage, Inc., judgment against defendants 855 Holding Co., Inc., Philip Lupo and Leonard Sudler in the amount of $25,000 plus interest from October 16, 1978, upon its cause of action for breach of contract and upon the personal guarantees of defendants Lupo and Sudler, and (3) a provision awarding defendant Brentwood Pioneer Associates judgment against defendants 855 Holding Co., Inc., Flower & Potka Corp., and M.W.H. Hills Corp., in the principal sum of $110,000 on its cross claim against the defendant purchasers for the amount of the down payment still due and owing under the contract. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. The trial court erred in failing to award a judgment against defendant 855 Holding Co., Inc. (hereinafter 855), for fraud where the undisputed proof on the record showed that defendant Constantine acted as the agent of said corporation in soliciting buyers of stock. An agent's fraud can be imputed to the corporation, and a corporation will be deemed to have ratified the agent's acts, where, as here, it retains the benefit of those acts for corporate purposes (see *Matter of A-1 Realty Corp. v State Div. of Human Rights,* 35 AD2d 843; *Reynolds v Snow,* 10 AD2d 101, 109, affd 8 NY2d 899; *Manufacturers Hanover Trust Co. v Sumande Shipping Corp.,* 48 AD2d 775, affd 39 NY2d 860). Plaintiff Standard Commercial Cartage, Inc. (hereinafter Standard), is entitled, additionally, to judgment against defendants Lupo and Sudler, as the record shows that these defendants had given Standard their personal guarantees upon 855's promise to return Standard's $25,000 should the project fail for any reason. No judgment is awarded against defendant Lewis Allenson, however, as it appears that said defendant has died since the commencement of the action and plaintiffs have requested in this court that the action be discontinued against him. The court also erred in awarding judgment against defendant Lehrer on defendant BPA's cross claim to recover the amount of the down payment still due and owing under its contract of sale with covendees 855, Flower & Plotka Corp. and M.W.H. Hills Corp. It is uncontradicted in the record that defendant BPA entered into that contract with the full knowledge that Flower & Plotka Corp. was merely a nominee corporation for defendant Lehrer. Having freely chosen to contract with Flower & Plotka Corp. under those circumstances, it cannot now assert that Flower & Plotka Corp. was not a valid corporation with the capacity to contract, and must look only to the corporation for damages upon breach (see, e.g., *Commercial Bank of Keokuk v Pfeiffer,* 108 NY 242, 253). Additionally, there is no evidence in this record from which it could be determined that defendant Lehrer, who was neither a shareholder in, nor director of, Flower & Plotka Corp., exercised such total domination over that entity as would justify piercing the corporate veil (*Rapid Tr. Subway Constr. Co. v City of New York,* 259 NY 472, 488; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656; *Walkovszky v Carlton,* 18 NY2d 414, 417). Defendant BPA is, however, entitled

to recover the down payment from the three contract vendees, 855 Holding Co., Inc., Flower & Plotka Corp., and M.W.H. Hills Corp. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.