■ SRF BUILDERS CAPITAL CORP., Respondent, v ANTHONY M. VENTURA, Appellant, et al., Defendants. [639 NYS2d 59] —In an action to foreclose a mortgage, the defendant Anthony Ventura appeals from an order of Supreme Court, Richmond County (Sangiorgio, J.), dated September 30, 1994, which denied his motion to vacate and set aside a foreclosure sale.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that counsel for the respective parties are directed to submit affirmations to this Court on or before March 26, 1996, on the issue of the imposition of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1 (c), against the appellant or his attorney.

The defendant Anthony Ventura (hereinafter the appellant)

moved to vacate and set aside a foreclosure sale of certain property formerly owned by him and his wife, the defendant Linda Ventura, who is not a party to this appeal. The appellant argued that the sale should be set aside because the owner of the property at the time of sale, Vanstruct, Inc. (hereinafter Vanstruct), which is also not a party to this action, had filed a petition for bankruptcy, thereby engaging the automatic stay provisions of the bankruptcy code *(see,* 11 USC § 362 *et seq.).* The appellant is the president of Vanstruct and apparently is its sole shareholder. We now affirm the Supreme Court's denial of the appellant's motion.

Pursuant to the express terms of the Judgment of Foreclosure and Sale dated July 21, 1992, the appellant, his wife, and all those claiming under them were "forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption" in the subject property from the date of the filing of the notice of pendency. The notice of pendency was filed on July 24, 1991. Thus, the appellant and his wife did not have title to convey to Vanstruct on July 22, 1994, and the purported transfer was a nullity *(see, Fleischmann v Tilt,* 10 App Div 271; *Da Costa v Hamilton Republican Club,* 187 Misc 865; 2 Bergman, Mortgage Foreclosures § 27.01 [2], [3] [a], [b] [1995]). Accordingly, the subsequent filing for bankruptcy by Vanstruct was irrelevant to the scheduled foreclosure sale and no error or impropriety was committed by the Referee in denying a stay of the foreclosure sale *(see, Glenville & 110 Corp. v Tortora,* 137 AD2d 654; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400). Indeed, it is clear to this Court that the purported transfer of title to Vanstruct, which has all the indicia of a fraudulent transfer *(see,* Debtor and Creditor Law § 276), and Vanstruct's subsequent filing for bankruptcy protection were an improper attempt by the appellant to circumvent an order issued by the Federal bankruptcy court enjoining both him and his wife from filing any further bankruptcy petitions. The order from the bankruptcy court was apparently issued because of the appellant's and his wife's past abuses of the bankruptcy process to obtain stays of previously scheduled dates for the foreclosure sale. Thus, any injury suffered by the appellant flowed solely from his own inequitable and improper conduct *(see, Notey v Darien Constr. Corp.,* 41 NY2d 1055). In any event, we find the factual assertions underlying the appellant's claim of injury, which are speculative at best, to be patently incredible *(see, Hamilton v Hittleman,* 224 App Div 390). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the appellant's motion to set aside the sale *(see, Notey v Darien Constr. Corp., supra).*

Furthermore, the appellant's actions raise the possibility that he or his attorney may be subject to sanctions pursuant to 22 NYCRR 130-1.1 (c). Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.