■ METROPOLITAN HOMES, INC., Appellant, v GREEN POINT SAVINGS BANK et al., Respondents. [651 NYS2d 193] —In an action to recover damages, *inter alia*, for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated August 24, 1995, which granted the separate motions of the defendants for summary judgment dismissing the complaint and directed the Referee, Irving W. Levine, to return to the appellant the down payment on a bid at a mortgage foreclosure sale.

Ordered that the order is affirmed, with costs.

In this case the Green Point Savings Bank (hereinafter Green Point) foreclosed a mortgage it held on certain premises located at 478 Greene Avenue, Brooklyn. Some 20 minutes before the foreclosure sale, at which Aron Malik was the successful bidder, the mortgagor, unbeknownst to Green Point or the Referee, filed a bankruptcy petition which had the effect of automatically staying the foreclosure sale. Thereafter, Malik

assigned his rights to the "bid at the foreclosure" to the plaintiff, Metropolitan Homes, Inc. (hereinafter Metropolitan). Subsequently, Green Point successfully moved in the United States Bankruptcy Court for the Eastern District of New York to vacate the automatic stay nunc pro tunc, thus validating the sale. Prior to the closing on the premises, the mortgagor sold the premises to a third party, a stranger to the foreclosure proceedings, and satisfied the mortgage debt to Green Point. Metropolitan refused to accept the Referee's return of the down payment and commenced this action against Green Point and the Referee, *inter alia*, for an alleged breach of contract.

On appeal, Metropolitan contends that Green Point tortiously interfered with the foreclosure contract of sale entered into between the Referee and its assignor by accepting payment of the mortgage debt after the foreclosure sale took place.

We find no merit to Metropolitan's contention that Green Point should be held liable for tortious interference with contract. In order to make out a cause of action for tortious interference with contract, a plaintiff must establish: (1) the existence of a contract between the plaintiff and a third party, (2) the defendant's knowledge of the contract, (3) the defendant's intentional inducement of the third party to breach or otherwise render performance impossible, and (4) damages (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94). Here, the record demonstrates that on February 17, 1994, without any notice to or acquiescence by Green Point, the defaulting mortgagor conveyed title to a third party who was a stranger to the foreclosure proceedings. Green Point first learned of this conveyance when it received payment of the mortgage debt some days later. Although it may have been improper for Green Point to accept payment of the mortgage debt after the judgment of foreclosure was entered, the record does not demonstrate that Green Point participated in any way with the mortgagor to transfer title to a third party, thereby rendering full performance of the foreclosure sale impossible. Accordingly, Metropolitan failed to set forth a cause of action for tortious interference with contract.

We agree with Metropolitan's contention that upon entry of the judgment of foreclosure and sale, the mortgagor's equity of redemption was foreclosed, and that on the date he transferred title to the third party, the mortgagor had no title to convey (*SRF Bldrs. Capital Corp. v Ventura*, 224 AD2d 678). While Metropolitan could have sought specific performance to enforce its rights under the judgment of foreclosure and sale to have the property conveyed to itself, its election not to proceed to

specifically enforce its rights does not render Green Point liable for the lost profits anticipated by Metropolitan. Accordingly, Metropolitan's remedy in this action is limited to the return of the down payment from the Referee.

The request of the Referee's counsel for attorney's fees and/or sanctions pursuant to 22 NYCRR 130-1 is denied. Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.