■ GREEN POINT SAVINGS BANK, Appellant, v JOSEPH BARBAGALLO et al., Defendants. KIM SKARVELIS et al., Nonparty Respondents. [668 NYS2d 678] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Greenstein, J.), entered January 17, 1997, which granted the motion of the nonparty respondents to hold their leases unaffected by the judgment of foreclosure and sale of the property.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Green Point Bank f/k/a The Green Point Savings Bank commenced the instant mortgage foreclosure action against, inter alia, the defendants Joseph Barbagallo and Angela Barbagallo (hereinafter the mortgagors). A notice of pendency of the action was filed on July 2, 1992, and a judgment of foreclosure and sale was entered in favor of the plaintiff on September 21, 1994. Between January 1995 and January 1996 three foreclosure sales were cancelled because of bankruptcy petitions filed

by one or both of the mortgagors. On March 22, 1996, one of the mortgagors executed leases to two apartments in the subject premises to the nonparty respondents Claire Calabretta and Kim Skarvelis (hereinafter the respondents). A foreclosure sale finally took place on May 28, 1996, at which OCI Mortgage Corporation, which had acquired the mortgage from Green Point, was the successful bidder. Wilshire Funding Corp. (hereinafter Wilshire) acquired all right, title, and interest in the premises from OCI, and served a notice to quit upon the mortgagors and the respondents. The Supreme Court granted the motion of the respondents and determined that their leases were not affected by the judgment of foreclosure and sale. On appeal, Wilshire contends that the respondents' leases were invalid. We agree.

The Supreme Court erred when it determined that the respondents' leases were unaffected by the judgment of foreclosure and sale of the property. Upon entry of the judgment of foreclosure and sale on September 21, 1994, the mortgagors no longer had any title through which they could convey a leasehold interest (*see, SRF Bldrs. Capital Corp. v Ventura,* 224 AD2d 678). Pursuant to the express terms of the judgment of foreclosure and sale, the mortgagors and all those claiming under them from the date of the filing of the notice of pendency were "forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption" in the subject property. Thus, the mortgagors could not convey a leasehold interest to the respondents on March 22, 1996, and the purported lease was a nullity (*see, SRF Bldrs. Capital Corp. v Ventura, supra; Fleischmann v Tilt,* 10 App Div 271; *DaCosta v Hamilton Republican Club,* 187 Misc 865; 2 Bergman, Mortgage Foreclosures § 27.01 [2], [3] [a], [b]). Miller, J. P., Altman, Krausman and Luciano, JJ., concur.