This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 64
Michael Jiannaras,
        Plaintiff,
        v.
Mike Alfant, et al.,
        Appellants,
et al.,
        Defendant;
Kathleen M. Ackerman, et al.,
        Non-Party Respondents.




        Frederick Liu, for appellants.
        Martin E. Karlinsky, for nonparty-respondents.






PIGOTT, J.:

        At issue on this appeal is a proposed settlement of

class action litigation arising out of the merger of defendants

On2 Technologies, Inc. and Google, Inc.  The proposed settlement

would release and extinguish any and all damage claims relating

- 1 -

to the merger without affording class members an opportunity to "opt out," thereby prohibiting class members from pursuing any individual claims that are separate and apart from the class settlement.  We hold that because the proposed settlement in this instance would deprive out-of-state class members of a cognizable property interest, the courts below properly refused to approve the settlement.

Google and On2 (a former publicly-held Delaware corporation domiciled in New York State) entered into a merger agreement on August 4, 2009.  After announcement of the merger, plaintiff, the owner of common shares of On2 stock, brought a class action in Supreme Court on behalf of himself and other similarly situated On2 shareholders.  He alleged that On2's board of directors had, among other things, breached its fiduciary duty to its shareholders.  He sought mostly equitable relief.[1]  Other On2 shareholders commenced similar actions in the Delaware Court of Chancery.

Thereafter, the plaintiffs in the New York and Delaware actions agreed with On2 and its directors to settle all claims

---

[1] Plaintiff sought a declaration that the action was maintainable in class form; a certification as class representative; a declaration that the merger agreement was entered into in breach of fiduciary duties and was unlawful and unenforceable; rescission of the merger agreement; an injunction against consummation of the merger unless Google and On2 implemented a procedure to obtain the highest price and made full disclosure of material facts; a constructive trust over consideration improperly received; and attorneys' fees.

with respect to the merger.  The parties filed a stipulation of settlement with Supreme Court that provided for, among other things, dismissal of the New York and Delaware actions in their entirety, with prejudice, and a release of "any and all" merger-related claims.  The settlement did not provide for opt-out rights.  The court preliminarily certified the proposed settlement class pursuant to CPLR article 9, subject to final determination after a fairness hearing.

Over two hundred shareholders filed objections to the proposed settlement, alleging, as relevant to this appeal, that the omission of an opt-out right deprived out-of-state shareholders their ability to pursue claims arising from the merger.

Following a hearing, Supreme Court found the settlement to be fair, adequate, reasonable and in the best interest of the class members.  Nevertheless, the court refused to approve the settlement because it did not afford out-of-state class members the opportunity to opt out.  On appeal, the Appellate Division, with one Justice dissenting, affirmed (124 AD3d 582 [2d Dept 2015]).  We agree with the Appellate Division that this case is governed by our holding in Matter of Colt Indus. Shareholder Litig. (77 NY2d 185 [1991]), and we decline an invitation to overrule that case.

Opt-out rights ensure that class members will have the option of pursuing individual actions for redress.  In Phillips

Petroleum Co. v Shutts (472 US 797 [1985]), the United States

Supreme Court held that due process *requires* opt-out rights in

actions "wholly or predominately" for monetary damages.

After Shutts, this Court in Matter of Colt considered

whether a Missouri corporation with no ties to New York, had a

due process constitutional right to opt out of a New York class

action in which the relief sought in the complaint was largely

equitable in nature.  We held that "there is no due process right

to opt out of a class that seeks predominantly equitable relief"

(Colt, 77 NY2d at 195).  Nonetheless, we determined that the

trial court erred as a matter of law by approving the settlement

that purported to extinguish rights of non-resident class members

to bring an action for damages in another jurisdiction (id. at

197).  We noted that once "the parties presented the court with a

settlement that . . . required the class members to give up all

claims in damages, the nature of the adjudication changed

dramatically" (id. at 199).  In essence, while it was initially

permissible to decline to afford class members the opportunity to

opt out when the complaint demanded predominently equitable

relief, the trial court erred "by seeking to bind [class members]

with no ties to New York State to a settlement that purported to

extinguish its rights to bring an action in damages in another

jurisdiction" (id. at 197).

The same can be said here.  While the complaint seeks

predominately equitable relief, the settlement would also release

any damage claims relating to the merger by out-of-state class members.  The broad release encompassed in the agreement bars the right of those class members to pursue claims not equitable in nature, which under Shutts and Colt, are constitutionally protected property rights.  Defendants attempt to distinguish Matter of Colt by the scope of the release in that case, which included release of claims related to a prior leveraged buyout in addition to merger-related claims (Colt, 77 NY2d at 190).  While it is true that the provision was included in the release in Colt, it was not relied upon in this Court's holding (see id. at 197 ["The settlement in this case gave class members relief that was essentially equitable in nature, but exacted as a price for that relief a concession that class members could not pursue damage claims based on the merger" [emphasis added]).  At no point did this Court make any attempt to tie the opt-out rights to the fact that the objecting shareholder held shares at the time of the earlier leveraged buyout.  Instead, we noted only that, at the time of the merger, the shareholder held a specific number of Colt shares (see id. at 188).  Accordingly, the releases in Matter of Colt and this case are not distinguishable for purposes of our opt-out analysis.  Thus, we perceive no error in the refusal of the courts below to approve the settlement that did not include an opt-out provision.

Defendants urge us to distinguish "incidental damages" sought from individualized damage claims.  Relying primarily on

Wal-Mart Stores, Inc. v Dukes (131 S Ct 2541 [2014]), they argue that if the legal damage claims are merely "incidental" to "predominantly equitable relief" it is permissible to bind out-of-state class members.

Wal-Mart is instructive for distinguishing federal class actions from those brought under New York law.  Federal Rule of Civil Procedure 23 (b) (2) applies to actions for equitable and declaratory relief and does not contain a right to notice or to opt out of class actions commenced pursuant thereto. The Supreme Court held that claims for monetary relief may not be certified under rule 23 (b) (2) "at least where. . ... the monetary relief is not incidental to the injunctive or declaratory relief" (id. at 2557).  In other words, "individualized monetary claims" belong in another provision, rule 23 (b) (3), where the opportunity for class members to opt out is available.  The Court reserved decision on whether due process requires opt-out rights of a Rule 23 (b) (2) settlement if the monetary relief sought is "incidental" to the injunctive or declaratory relief (see id. at 2560), but the Court' s language suggests some skepticism as to whether any monetary damages could qualify as "incidental" (see id. ["We need not decide in this case whether there are any forms of 'incidental' monetary relief that are consistent with the interpretation of rule 23 [b] [2] we have announced and that comply with the Due Process Clause" [emphasis added]).

Wal-Mart has no bearing on the resolution of this appeal, however. Here, plaintiff sought class certification under article 9 of New York's CPLR. As we recognized in Matter of Colt, "[u]nlike Rule 23," which defines three types of class actions and requires notice and opt-out rights only as to one type of class, the New York statute "contemplates . . .that a Judge may choose to exercise discretion to permit a class member to opt out of a class" (Matter of Colt, 77 NY2d at 194 citing CPLR 903, 904). Indeed, the CPLR authorizes trial courts to expand due process rights where a class settlement would extinguish out-of-state class members' damages claims separate from class-wide equitable relief. Notably, the settlement agreement here, as in Matter of Colt, impinges on the right of out-of-state class members to pursue any and all claims for damages relating to the merger, not only claims that may be considered incidental.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, and certified question answered in the affirmative. Opinion by Judge Pigott. Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided May 5, 2016