Gluck v Mapfre Ins. Co. of N.Y. (2023 NY Slip Op 05591)

Gluck v Mapfre Ins. Co. of N.Y.

2023 NY Slip Op 05591

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-08128
 (Index No. 31375/16)

[*1]Chaim Gluck, et al., appellants, 
v
Mapfre Insurance Company of New York, respondent (and a third-party action).

Lerner, Arnold & Winston, LLP, New York, NY (Jacob L. Levine and Johnathan C. Lerner of counsel), for appellants.
Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York, NY (Kenneth E. Sharperson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated October 9, 2020. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs own real property in Monsey that was insured under a homeowners insurance policy issued by the defendant. During the coverage period, a condensation drainage pipe connected to a central air conditioning unit installed in the attic of the plaintiffs' property leaked, allegedly causing water damage. The plaintiffs submitted a claim to the defendant for coverage under the policy. After conducting two inspections of the property, the defendant covered a portion of the plaintiffs' claim, but disclaimed coverage for the portions of the claim involving damage to tiles on the first floor, certain additional dwelling damages, and additional living expenses. Thereafter, the plaintiffs commenced this action to recover damages for breach of contract, based on the defendant's failure to fully cover their claim. Following the completion of discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint. In an order dated October 9, 2020, the Supreme Court granted that branch of the defendant's motion. The plaintiffs appeal.
"In determining a coverage dispute, we look to the specific language used in the relevant policies, which must be interpreted according to common speech and consistent with the reasonable expectation of the average insured at the time of contracting, with any ambiguities construed against the insurer and in favor of the insured" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 37 NY3d 552, 561 [citations and internal quotation marks omitted]; see Klein v State Farm Ins. Co., 198 AD3d 741, 742). "While an insured must establish coverage in the first instance, the insurer bears the burden of proving that an exclusion applies to defeat coverage" (J.P. Morgan Sec. Inc. v [*2]Vigilant Ins. Co., 37 NY3d at 562; see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 218). "[E]xclusions or exceptions from coverage must be specific and clear in order to be enforced" (Klein v State Farm Ins. Co., 198 AD3d at 742 [internal quotation marks omitted]; see Hudson Shore Assoc., L.P. v Praetorian Ins. Co., 172 AD3d 830, 831).
"[A] defendant moving for summary judgment dismissing one of the plaintiff's causes of action may generally sustain his or her prima facie burden by negating a single essential element of that cause of action" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 136 [internal quotation marks omitted]; see Poon v Nisanov, 162 AD3d 804, 806). "To defeat summary judgment, the nonmoving party need only rebut the prima facie showing made by the moving party so as to demonstrate the existence of a triable issue of fact" (Poon v Nisanov, 162 AD3d at 806; see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d at 136). A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; see Alvarez v Prospect Hosp., 68 NY2d 320, 325). Conclusory allegations which are unsupported by competent evidence tending to establish the essential elements of a cause of action are insufficient to defeat a defendant's motion for summary judgment (see Alvarez v Prospect Hosp., 68 NY2d at 325).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the policy excluded coverage for the damage to tiles on the first floor and certain other dwelling damages, and that the plaintiffs did not incur additional living expenses that would be covered by the policy (see Klein v State Farm Ins. Co., 198 AD3d at 742; Hudson Shore Assoc., L.P. v Praetorian Ins. Co., 172 AD3d at 831). The plaintiffs' submissions in opposition were speculative and conclusory, and they were therefore insufficient to raise a triable issue of fact (see Byrne v Sidhu, 215 AD3d 622, 622; Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court