## Cammayo v 1AND8, Inc.

2025 NY Slip Op 32090(U)

June 12, 2025

Supreme Court, Richmond County

Docket Number: Index No. 150173/2024

Judge: Lizette Colon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At IAS Part 21M of the Supreme Court of the State of New York, held in and for the County of Richmond, at the Courthouse, located in Staten Island, City and State of New York on the 12th day of June 2025.

**PRESENT: HON. LIZETTE COLON, JSC**

-----------------------------------------------------------------------------X

Katherine Cammayo

                                             Plaintiff(s),

            -against-

1AND8, Inc. d/b/a Museum of Ice Cream

                                             Defendant(s)
-----------------------------------------------------------------------------X

**Motion Seq#6&7**

**ORDER**

**INDEX NO. 150173/2024**

Papers Numbered (NYSCEF)

Notice of Motion/OSC (MS#6)
And Affirmations/Affidavits Annexed_____95-106
Answering Affirmations/Affidavits in Opposition _____118-129
Reply Affirmations/Affidavits _____133
Notice of Motion/OSC (MS#7)
And Affirmations/Affidavits Annexed_____ 111-117
Answering Affirmations/Affidavits in Opposition _____130-131
Proposed Additional Respondent Affirmation _____132

L, Colon:

Defendant made a motion for summary judgment for an order pursuant to CPLR § 3212, granting summary judgment in favor of Defendant and dismissing Plaintiff, Katherine Cammayo's, claims, and for such other and further relief as this Court deems appropriate.

Plaintiff made a motion (MS#7) for an order pursuant to Article 9 of the CPLR defining the class that has been certified; approving the proposed notices; extending Plaintiff's deadline to file her motion for summary judgment; and granting such other, further, or different relief as the Court deems just and proper.

Virtual oral arguments were held on June 3, 2025, and for the following reasons, Defendant's motion (MS#6) is hereby denied, and Plaintiff's motion (MS#7) is hereby granted.

Page 1 of 8

[* 1]

## OVERVIEW

Plaintiff commenced the instant action against the Defendant for an alleged violation of the New York Arts and Cultural Affairs Law § 25.07 (4). Plaintiff alleges that the service fee is masked under the ambiguous category of "Taxes & Fees" on Defendant's website. Plaintiff, Katherine Cammayo, is an individual consumer who purchased three admission tickets to the Museum of Ice Cream NYC through Defendant's website. Plaintiff seeks damages in this action individually and on behalf of all other ticket purchasers for Defendant's place of entertainment, as well as reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

Defendant made a motion (MS#6), at the close of discovery, seeking summary judgment arguing that "the ACAL does not impose strict liability for technical violations of its notice provision and plaintiff must meet her burden to establish her entitlement to recovery; the undisputed evidence shows that plaintiff did not incur 'actual damages' by 'reason of' the alleged violation of the A.C.A.L.; and that plaintiff's claim is barred by the voluntary payment doctrine as a matter of law." *See Memo. of Law in Supp., p. 8, 9, 16,* NYSCEF #106. Plaintiff argues in opposition that "Plaintiff suffered an injury and actual damages under A.C.A.L. § 25.07(4); and the voluntary payment doctrine is inapplicable." *See Memo. of Law in Opp., p.* 10, NYSCEF #118. Defendant in reply argues that "A.C.A.L. §25.33 plainly requires that Plaintiff prove causation and damages; none of Plaintiff's cited authorities excuse her from proving the elements of causation and actual damages under the A.C.A.L.; Plaintiff has not met her burden to raise a triable issue of fact as to causation or actual damages; and that the voluntary payment doctrine bars Plaintiff's claim; and dismissal of Plaintiff's claim will not subvert the legislative intent of the A.C.A.L.." *See Memo. of Law in Reply, p. 2, 3 5, 7,* NYSCEF #133.

[* 2]

Plaintiff also made a motion (MS#7) for clarification on the definition of the certified class and an extension of time to file her summary judgment motion. The Plaintiff argues that she should be granted an extension of time to file a summary judgment motion, so she can provide class notice, and after notice is provided, the decision "would be binding on the Class." *See Memo. of Law in Supp.*, p. 3, NYSCEF #112. Plaintiff also argues that an extension of time to file her summary judgment motion will prevent her from "running afoul of the rule against one way intervention." *Id*.

Defendant argues in opposition "that the Nationwide Class, if certified, must be limited to those individuals in the United States; and that Plaintiff has failed to show good cause as defined by the Court of Appeals and her belated request for an extension of time to file a summary judgment motion should be denied." *See Memo. of Law in Opp.,* p. 2-3*,* NYSCEF #131. Plaintiff argues in reply that "[Defendant's] challenge to the nationwide class definition is untimely and improper; and the Court should grant Plaintiff's requested extension to file her motion for summary judgment." *See Memo. of Law in Reply*, p. 1, 3, NYSCEF #132.

DISCUSSION

## I.    <u>Defendant's Motion for Summary Judgment</u>

A motion for summary judgment shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party. *N.Y. C.P.L.R.* § 3212 (b). The motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact. *Id.* The movant has the initial burden to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.

Page 3 of 8

[* 3]

To defeat summary judgment, the nonmoving party need only rebut the prima facie showing made by the moving party so as to demonstrate the existence of a triable issue of fact. *See Gluck v. Mapfre Ins. Co. of New York*, 221 A.D.3d 662, 663, 198 N.Y.S.3d 758, 760 (2023). Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact. *See Goldin Real Est., LLC v. Shukla*, 227 A.D.3d 674, 676, 212 N.Y.S.3d 117, 119 (2024).

> The New York Arts & Cultural Affairs Law provides:
>
> Every operator of a place of entertainment shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchase. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase . . . The price of the ticket shall not increase during the purchase process.
> *N.Y. Arts & Cult. Aff. Law* § 25.07 (4)

The A.C.A.L. also provides that "any person who has been injured by reason of a violation of this article may bring an action in his or her own name to enjoin such unlawful act, an action to recover his or her actual damages or fifty dollars." *N.Y. Arts & Cult. Aff. Law* § 25.33. The Defendant argues that Plaintiff cannot show that any damages were cause "by reason of" the alleged violation and Plaintiff cannot present evidence of "actual damages."

The Defendant argues that its violations of the statute's substantive proscriptions are technical and not per se actionable, which the Court has already rejected twice. *See* NYSCEF #59 & 92. The Court has also previously rejected that the Plaintiff's claims are barred by the voluntary payment doctrine. *See* NYSCEF #121. There are issues of fact as to whether Defendant failed to disclose the "total cost of the ticket, inclusive of ancillary fees prior to the ticket being selected for purchase, and whether Defendant failed to disclose in "clear and conspicuous manner the portion of the ticket

Page 4 of 8

[* 4]

price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *N.Y. A.C.A.L.* § 25.07(4).

Accordingly, Defendant failed to make out its prima facie case, and its motion for summary judgment is hereby denied.

## II.      Plaintiff's Motion to Define Certified Class & Extension of Time to File Summary Judgment Motion

A. Certified Class

The A.C.A.L. applies to the sale of "tickets to events occurring in New York state, regardless of the territories of origin of both the buyer and seller." *N.Y. Arts & Cult. Aff. Law* § 25.01. The Court granted Plaintiff's Motion for Class Certification that contained the following class definitions:

> All individuals who purchased tickets to the Museum of Ice Cream NYC from Defendant's website museumoficecream.com or from BucketListers, Inc.'s website bucketlisters.com from August 29, 2022 to March 27, 2024 (the "Nationwide Class").
> All individuals in New York who purchased tickets to the Museum of Ice Cream NYC from Defendant's website museumoficecream.com or from BucketListers, Inc.'s website bucketlisters.com from August 29, 2022 to March 27, 2024 (the "New York Subclass").
> *Id.*

CPLR § 906 allows for subdivision of a class into subclasses, and each subclass is treated as a class when appropriate. *N.Y. C.P.L.R.* § 906. The requirements for the certification of a class are as follows:

> 1. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;
> 2. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;
> 3. The claims or defenses of the representative parties are typical of the claims or defenses of the class;
> 4. The representative parties will fairly and adequately protect the interests of the class; and

[* 5]

5. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.
*N.Y. C.P.L.R.* § 901

Plaintiff now seeks clarification of the Class Certification Order and wants the Court to determine whether one or both classes had been certified, since the April 22, 2025, Order did not specify which class, or if both classes, were certified. Plaintiff sought to certify two separate classes. The First Class was a Nationwide Class that Plaintiff defined as "all individuals who purchased tickets to the Museum of Ice Cream NYC from Defendant's website museumoficecream.com or from BucketListers, Inc.'s website bucketlisters.com from August 29, 2022 to March 27, 2024." See NYSCEF #78. The Second Subclass Plaintiff sought to certify was defined by Plaintiff as "all individuals in New York who purchased tickets to the Museum of Ice Cream NYC from Defendant's website museumoficecream.com or from BucketListers, Inc.'s website bucketlisters.com from August 29, 2022 to March 27, 2024." *Id*.

The Court now clarifies that the Nationwide Class has been certified. Since Class Members in the Nationwide Class and the purported New York Subclass consist of the same commonality and typicality, and the Court sees no need to establish a separate subclass. The Court also finds Defendant's argument that the Nationwide Class must be limited to individuals in the United States, to be contrary to the law. The A.C.A.L. applies to the sale of "tickets to events occurring in New York state regardless of the territories of origin of both the buyer and seller." *N.Y. Arts & Cult. Aff. Law* § 25.01. Therefore, certification of the Nationwide Class is appropriate.

Accordingly, the branch of Plaintiff's motion seeking clarification on the class definition is granted to the extent that the Court certifies the Nationwide Class and finds that the Class is defined as all individuals who purchased tickets to the Museum of Ice Cream NYC from

[* 6]

Defendant's website museumoficecream.com or from BucketListers, Inc.'s website bucketlisters.com from August 29, 2022, to March 27, 2024.

B. Extension for Summary Judgment

The United States Supreme Court held that "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 2974, 86 L.Ed.2d 628 (1985). To file a belated motion, the movant must demonstrate "good cause" for the delay in making the motion—a satisfactory explanation for the untimeliness. *See Brill v. City of New York*, 2 N.Y.3d 648, 652, 814 N.E.2d 431 (2004).

It is a familiar doctrine that a class action judgment is binding upon class members who were adequately represented in the action. *See People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 123, 894 N.E.2d 1, 13 (2008). For a summary judgment motion to have binding effect on the Class Members, class notice must be disseminated, and the Class Members must be afforded a reasonable opportunity to opt-out of the Class. *See N.Y. C.P.L.R.* § 903 (providing for opt-out mechanism). "Opt-out rights ensure that class members will have the option of pursuing individual actions for redress." *Jiannaras v. Alfant,* 27 N.Y.3d 349, 352, 52 N.E.3d 1166, 1168 (2016).

The Court issued a Preliminary Conference Order on April 4, 2024, stating that "[s]ummary judgment motions shall be made no later than 60 days after filing of the Notice of Issue." *See P.C. Order,* p. 5, NYSECF #9. The Note of Issue in this case was filed on February 28, 2025. *See Note of Issue: with Jury,* NYSCEF #65. Therefore, summary judgment motions were to be filed by April 29, 2025. However, potential Class Members have not yet been noticed nor have

[* 7]

had an opportunity to opt-out. Since the instant action shall have a binding effect on all class members, the Court has determined that Plaintiff has established good cause entitling her to an extension of time to file her summary judgment motion. The Court need not address the Plaintiff's arguments as to the rule of one-way intervention.

Based on the foregoing, Defendant's motion (MS#6) is denied, and Plaintiff's motion (MS#7) is granted to the extent that the Nationwide Class is certified, and time for Plaintiff to file her summary judgment motion is extended. The Parties are to contact the Court once notice has been provided, and the Court will determine the date by which the Plaintiff must file her summary judgment motion.

E N T E R

HON. LIZETTE COLON, JSC