Galanos v Northwestern Mut. Inv. Servs., LLC (2026 NY Slip Op 00348)

Galanos v Northwestern Mut. Inv. Servs., LLC

2026 NY Slip Op 00348

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-08660
 (Index No. 50449/22)

[*1]Nicole Galanos, appellant, 
vNorthwestern Mutual Investment Services, LLC, respondent, et al., defendant.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Morgan, Lewis & Bockius LLP, New York, NY (Sean P. Lynch of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated August 29, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant Northwestern Mutual Investment Services, LLC, which were for summary judgment dismissing the causes of action alleging defamation and defamation per se insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was employed by the defendant Jeffrey Polanco, who was contracted as an insurance agent for the defendant Northwestern Mutual Investment Services, LLC (hereinafter Northwestern Mutual). Northwestern Mutual conducted an internal investigation into possible altering of client-signed documents by Polanco, and as part of the investigation, Northwestern Mutual's representatives met with Polanco and the plaintiff. During the meeting, after the plaintiff left the room, Polanco allegedly stated to one of Northwestern Mutual's representatives that the plaintiff "did copy the signature." Subsequently, Northwestern Mutual terminated Polanco's contract with it, and as a result, the plaintiff's appointment by Polanco was also terminated.
Thereafter, Northwestern Mutual notified two regulatory agencies, the Financial Industry Regulatory Authority (hereinafter FINRA) and the New York State Department of Financial Services (hereinafter NYSDFS), concerning, among other things, the termination of Polanco's contract and the termination of the plaintiff's appointment. Northwestern Mutual's written communications stated that Polanco denied the allegations but "admitted that his assistant copied and pasted customer signatures" on certain documents.
The plaintiff commenced this action, inter alia, to recover damages for defamation and defamation per se, alleging that the statements Northwestern Mutual made to FINRA and NYSDFS were false because she did not copy and paste customer signatures. Northwestern Mutual moved, among other things, for summary judgment dismissing the causes of action alleging defamation and defamation per se insofar as asserted against it. In an order dated August 29, 2023, [*2]the Supreme Court, inter alia, granted those branches of Northwestern Mutual's motion. The plaintiff appeals.
Northwestern Mutual established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging defamation and defamation per se insofar as asserted against it by demonstrating that the alleged statements were subject to an absolute privilege. Absolute privilege is generally reserved for communications made by "individuals participating in a public function, such as judicial, legislative, or executive proceedings. The absolute protection afforded such individuals is designed to ensure that their own personal interests—especially fear of a civil action, whether successful or otherwise—do not have an adverse impact upon the discharge of their public function" (Stega v New York Downtown Hosp., 31 NY3d 661, 669 [internal quotation marks omitted]; see Rosenberg v MetLife, Inc., 8 NY3d 359, 365). Whether the alleged defamatory statements are subject to an absolute privilege depends "'on the occasion and the position or status of the speaker'" (Stega v New York Downtown Hosp., 31 NY3d at 670, quoting Park Knoll Assoc. v Schmidt, 59 NY2d 205, 209). Absolute privilege "can extend to preliminary or investigative stages" of a quasi-judicial proceeding, "where compelling public interests are at stake" (Rosenberg v MetLife, Inc., 8 NY3d at 365). "[F]or absolute immunity to apply in a quasi-judicial context, the process must make available a mechanism for the party alleging defamation to challenge the allegedly false and defamatory statements" (Stega v New York Downtown Hosp., 31 NY3d at 671).
Here, the alleged statements were made to FINRA and to NYSDFS as part of the investigative stages of a quasi-judicial proceeding, "where compelling public interests are at stake" (Rosenberg v MetLife, Inc., 8 NY3d at 365). Contrary to the plaintiff's contention, Northwestern Mutual did make "available a mechanism for the party alleging defamation to challenge the allegedly false and defamatory statements" (Stega v New York Downtown Hosp., 31 NY3d at 671). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325; Gluck v Mapfre Ins. Co. of N.Y., 221 AD3d 662, 663-664).
Accordingly, the Supreme Court properly granted those branches of Northwestern Mutual's motion which were for summary judgment dismissing the causes of action alleging defamation and defamation per se insofar as asserted against it.
The plaintiff's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., VOUTSINAS, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court